952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. KIRKSEY, Defendant-Appellant.
 No. 91-5589.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1991.
Decided Dec. 13, 1991.
As Amended Jan. 7, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. (CR-90-466-HM), Herbert F. Murray, Senior District Judge.
 Harry Levy, Kenneth W. Ravenell, Schulman, Treem, Kaminkow & Gilden, P.A., Baltimore, Md., for appellant.
 Richard D. Bennett, United States Attorney, Raymond A. Bonner, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Anthony Kirksey appeals from his convictions and sentence for possession with the intent to distribute crack cocaine and possession with the intent to distribute PCP, both in violation of 21 U.S.C. § 841 (1988). Because we find that the district court's determination that Bureau of Alcohol, Tobacco and Firearms agents complied with the "knock and announce" requirement of 18 U.S.C. § 3109 (1988) was not clearly erroneous, and because a preponderance of the evidence supports the court's two-level enhancement under U.S.S.G. § 2D1.1(b)(1), we affirm the convictions and sentence.
 
 
 2
 In November 1990, agents of the Bureau of Alcohol, Tobacco and Firearms executed a search warrant on Kirksey's apartment in the early morning. Two agents testified that one of them pounded on the apartment door and yelled, "Police, search warrant." When there was no response, the agent used a passkey to unlock the door, but because the door was also locked by a chain lock on the inside, it only opened a few inches. The agent pounded on the door again and shouted, and there was no response. The agents then forced the door open and entered the apartment. The agents' testimony differed only in the number of times one of them pounded on the door. One testified that the agent pounded on the door approximately three times on each attempt; the other testified that he pounded on the door approximately twenty-five times the first time and about fifteen times after using the passkey.
 
 
 3
 Occupants of the apartment, including Appellant, testified that although they were partially awake, they never heard the officers pounding on the door and shouting. They each testified that they awoke when they heard the agents force the door open and enter. The agents discovered crack cocaine, PCP, marijuana, drug paraphernalia, a large amount of currency, and several firearms and ammunition in their search of the apartment. A loaded pistol was found under the mattress where Appellant was sleeping.
 
 
 4
 The district court found that the officers complied with § 3109, which requires that federal agents announce their purpose and authority before forcibly entering a dwelling when refused admission, and denied Appellant's motion to suppress evidence obtained in the apartment search. The court found that the officers "knocked and announced their authority and purpose" and that they "were justified in forcibly entering when no one answered."
 
 
 5
 The jury convicted Kirksey of the two drug charges, but acquitted him of using or carrying a firearm in connection with a drug trafficking crime. Nonetheless, at sentencing the court increased Kirksey's base offense level by two for possession of a firearm during commission of a drug offense and granted a two-level reduction for acceptance of responsibility. Kirksey was sentenced to a total of 151 months in prison, five years supervised release, drug treatment, community service, and a special assessment.
 
 
 6
 On appeal, Kirksey first maintains that the district court erred in denying his motion to suppress evidence obtained during the search of his apartment because the federal agents did not "knock and announce" their entry. Federal agents may not forcibly enter a dwelling before they announce their purpose and authority and are refused admission. § 3109; Miller v. United States, 357 U.S. 301 (1958). This Court reviews factual resolutions concerning circumstances surrounding a search under the clearly erroneous standard. United States v. Jackson, 585 F.2d 653, 655 n. 1 (4th Cir.1978). This Court must uphold the district court's findings of fact unless it "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). We do not weigh evidence or review credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 7
 Despite the discrepancy concerning the number of times the agent knocked before he forced entry, both agents testified that they knocked and announced their intent before forcing the apartment door open. Given these facts, the district court's finding that the agent complied with § 3109 is not clearly erroneous, and the court did not err in denying Kirksey's motion to suppress.
 
 
 8
 Kirksey next argues that it was improper for the court to increase his offense level for possession of a firearm during commission of a drug offense because the jury acquitted him of the firearm charge. If a defendant possessed a dangerous weapon during the commission of a drug offense, his offense level may be increased by two. U.S.S.G. § 2D1.1(b)(1). Presence of the weapon is enough to trigger the adjustment, unless it is "clearly improbable that the weapon was connected with the offense." Section 2D1.1, comment. (n. 3). Acquittal of an offense does not bar consideration of the conduct underlying the charge for purposes of sentencing. United States v. Talbott, 902 F.2d 1129, 1133 (4th Cir.1990); United States v. Isom, 886 F.2d 736, 738 (4th Cir.1989).
 
 
 9
 The government's evidence established that the federal agents found firearms throughout Kirksey's apartment, where they also found cocaine, PCP, and marijuana. The agents also found a loaded pistol under the mattress where Kirksey was sleeping. Under these circumstances, we cannot say that it was "clearly improbable" that the weapons discovered had a connection with Kirksey's offenses. Therefore, the court did not err in assessing the two-level firearm enhancement.
 
 
 10
 Because the finding that the federal agents complied with 18 U.S.C. § 3109 was not clearly erroneous, the district court appropriately denied Kirksey's motion to suppress, and we affirm his convictions. Because a preponderance of the evidence supports the court's offense level enhancement for possession of a firearm in relation to a drug offense, we also affirm Kirksey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.